**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA, )**
**Plaintiff, )**
**)**
**VS. ) NO. CR-24-167-RAW-4**
**NICHOLES ANDREW KERR, )**
**Defendant. )**

**ARRAIGNMENT HEARING**

**BEFORE THE HONORABLE D. EDWARD SNOW**

**UNITED STATES MAGISTRATE JUDGE**

**OCTOBER 29, 2024**

**A P E A R A N C E S:**

**FOR THE PLAINTIFF: MR. RYAN CONWAY & MR. JONATHAN SOVERLY, Assistant U.S. Attorneys, 520 Denison Avenue, Muskogee, Oklahoma 74401**

**FOR THE DEFENDANT: MS. CARLA STINNETT & MR. PETER ASTOR, Stinnett Law, 12133 S. Yukon Avenue, Ste. 300, Glenpool, Oklahoma 74033**

**COURT REPORTER: KARLA McWHORTER**
**United States Court Reporter**

**COURT IN SESSION**

(10:22 a.m.)

THE COURT: Thank you. Be seated, please.

(Pause)

All right. Ma'am, when you are recording and ready.

CLERK OF THE COURT: Yes, sir. The Court calls case CR-24-167-RAW-4, United States of America versus Nicholes Andrew Kerr.

Would counsel please note their appearance for the record?

MR. CONWAY: Ryan Conway and Jonathan Soverly for the United States, Your Honor.

THE COURT: All right. Mr. Conway and Mr. Soverly, again, welcome back to your courtroom, gentlemen. It is always wonderful to see both of you.

MS. STINNETT: Good morning, Your Honor. Carla Stinnett on behalf of Nicholes Andrew Kerr, who is present in the courtroom in custody. And thank you for indulging me. My appearance upstairs took longer than I anticipated, or downstairs.

THE COURT: No. Ms. Stinnett, welcome back to your courtroom and you have a lot of cart blanche. I know that you've come on a moment's notice for us before, ma'am, so we appreciate you being here.

And I do note that Mr. Aster is seated at counsel table

with you. I'm assuming that's going to be his learned counsel at some point in the case; is that correct?

MS. STINNETT: So, Your Honor, we are only charged in Count 9, which doesn't require learned counsel because it is only an accessory after the fact.

Mr. Astor has recently joined my law firm, and so he will be entering his appearance as an associate.

THE COURT: Well, it's always wonderful to see Mr. Astor here as well. Mr. Astor, welcome back to your courtroom. I miss you, sir.

MR. ASTOR: Yes, thank you.

THE COURT: All right. Let's go ahead and have the Defendant brought forward and sworn.

CLERK OF COURT: Would you raise your right hand? Do you solemnly swear that the answers you give before this Honorable Court will be the truth, the whole truth and nothing but the truth, so help you God?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. Mr. Kerr, you are before the Court today for an initial appearance and arraignment because an Indictment was filed against you on, I believe, October the 9th of 2024.

In this proceeding I am going to advise you of the charges against you, as well as some very important rights.

First and foremost, sir, you have the right to not make

any statements and any statement that you do make can be used against you.

If you are not a United States citizen, you may request the government to notify a consular or officer from your country of nationality. Even without such a request, it is possible that an international agreement may require such notification.

Mr. Kerr, you have an absolute right to be represented by an attorney not just in this proceeding, but in all proceedings that you are before the Court on.

If you have the ability to do so and have the funds, you may hire and pay for your own attorney. However, if you cannot afford an attorney, the Court will appoint one for you.

Mr. Kerr, it's my understanding that you have filled out what's called a financial affidavit in this case. And that's a document where you are telling me what money you have, what you owe, whether or not you have a job, a house, a car, and the like.

Did you fill a document out like that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. In the bottom right-hand corner of that document, there's a signature space. Did you sign that document?

THE DEFENDANT: Yes, sir.

THE COURT: And did you understand that you

were under oath when you signed that document?

THE DEFENDANT: Yes, sir.

THE COURT: Will the Clerk tender that document to me at this time?

I am receiving from the Clerk both a potential order for appointment of counsel, as well as a financial affidavit.

Ms. Stinnett, are you aware of any issues whatsoever, mainly looking for conflicts or anything else that you may be aware of, that would prevent you or Mr. Astor from representing the Defendant in this matter?

MS. STINNETT; No, Your Honor.

THE COURT: All right. Mr. Conway or Mr. Soverly, are either one of you aware of any conflicts at this early stage or any other items that would prevent Ms. Stinnett and Mr. Astor from giving quality representation to this Defendant?

MR. CONLEY: No, Your Honor.

THE COURT: All right. Thank you, Mr. Conway.

All right. I have reviewed the financial affidavit. Is everything in here true and correct?

THE DEFENDANT: Yes, sir.

THE COURT: Based on the financial affidavit, the Defendant does appear to be qualified for appointment of counsel at the expense of the United States of America.

Mr. Kerr, is it your request that I appoint Ms. Sinnett

to represent you?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Based on counsel's representations, as well as the financial affidavit and the Defendant's request, and there being no issues at this time that the Court is aware of, I am going to go ahead and appointment Ms. Stinnett as part of the conflict federal public defender panel to represent the Defendant in this matter.

I am going to return the financial affidavit and the order appointing counsel to the Clerk of the Court for appropriate filing in this matter.

Ms. Stinnett, have you had enough opportunity to go through the single count, thank goodness, with the Defendant in this matter?

MR. STINNETT: Yes, Your Honor.

THE COURT: All right. Do you feel as though that he understands what he is charged with at this time?

MS. STINNETT: Yes, Your Honor.

THE COURT: Do you need any more time to discuss that with him?

MS. STINNETT; No, Your Honor.

THE COURT: All right. Mr. Kerr, have you received a copy of the Indictment in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Have you been able to read it?

THE DEFENDANT: Yes, sir.

THE COURT: Did you have the ability, at least briefly, to discuss it with Ms. Stinnett?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I need you to listen closely to my question. I'm not asking you whether you did or did not do what the government is saying you did. I'm asking you, do you understand what they are accusing you of?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about that at this time?

THE DEFENDANT: No, sir.

THE COURT: All right. Mr. Conway, if you can take that back podium and go ahead and give me the charges that he is charged with and if you could just briefly summarize what that count is. And then also, please give me the range of punishment.

MR. CONWAY: Yes, Your Honor. He is charged in Count 9 with accessory after the fact in violation of Title 18, United States Code, Section 3; the punishment for which is up to 15 years imprisonment, three years of supervised release, and a $250,000.00 fine, and a $100.00 mandatory special assessment.

THE COURT: And can you just kind of briefly state the allegation. I don't want you to read the whole thing, but

if you can give him the date, the fact of what constitutes the accessory and the like, that would probably be beneficial to him.

MR. CONWAY: You mean a factual proffer, Your Honor?

THE COURT: I think you can just probably. . .I'll tell you what, I'll just -- what count is it again, Counsel?

MR. CONWAY: Count 9.

THE COURT: Yeah. You haven't done it with me a lot, so I will do it for you the first time, Mr. Conway.

MR. CONWAY: Sorry, Your Honor.

THE COURT: What they are saying here, Mr. Kerr, is that on or about November the 28th of 2023 and continuing until April the 19th of 2024, here in the Eastern District, that you, knowing that an offense had been committed, that offense being Conspiracy to Commit Murder as Charged in Count 1 of this Indictment and Conspiracy to Tamper With a Witness by Killing as charged in Count 2; Use of Interstate Commerce Facilities in the Commission of Murder for Hire as charged in Counts 3 and 4; and then Murder in Indian Country as charged in Count 5; Murder in Perpetration of Burglary as charged in Count 6; Obstruction of Justice by Retaliating as charged in Count 7; and Tempering with a Witness or Informant by Killing as charged in Count 8.

They are saying that someone committed those crimes

and that you did receive, relieve, comfort and assist the offenders, Mr. Franklin and Mr. Smith, in order to hinder and prevent the offenders' apprehension, trial and punishment. That's a fancy way of saying that you helped some 'ole boys do the crime that's charged in those other counts. And that you did that after the crime had already been committed.

Do you understand what it is that you are charged with?

THE DEFENDANT: Yes, sir.

THE COURT: Do you need any more time to discuss that with counsel?

THE DEFENDANT: No, sir.

THE COURT: All right. Ms. Stinnett, does he waive the entire reading of the Indictment in open court?

MS. STINNETT: Yes, Your Honor.

THE COURT: And does he have a copy of that Indictment in front of him?

MS. STINNETT: Yes, he does.

THE COURT: And is it turned to Count 9?

MS. STINNETT: Yes, it is.

THE COURT: I want to look at the heading real quick.

Mr. Kerr, if you can take a look at that, specifically on Count 9, I see your name and that's a name that lends itself to being misspelled throughout your life, that E-S

throws people off.

My question to you, sir, is: Have you ever gone by any other names other than Nicholes Andrew Kerr?

(Pause)

MS. STINNETT: Are you inquiring about potential street names or just --

THE COURT: Let's go ahead and leave it up to him as to what he wants to tell me on that.

MS. STINNETT: Okay.

THE DEFENDANT: No, sir.

THE COURT: All right. And have you ever in any court proceedings -- and I am using my terms very carefully here, Ms. Stinnett. In any court proceedings have you ever gone by any other names?

(Pause)

MS. STINNETT: Your Honor, he is under an indictment in the Western District.

THE COURT: Correct.

MS. STINNETT: And in the Western District there is a street moniker that is used in the indictment.

THE COURT: I can assure you that Mr. Conway is more than aware of all of his street monikers and at this point I don't see any need for us to inquire into that, unless it relates to an identification issue on Mr. Conway's case. And he can do that by application to the Court at a later time.

What I am getting at, Ms. Stinnett, is often times when we see these types of crimes, people don't know his full name. Mr. Nicholes Andrew Kerr is not something that a greeting would -- with people that are engaged in this kind of behavior would have towards one another. They may call you Nick or something like those names.

So, I don't see any need to do any interlineation at this point.

Is Nicholes Andrew Kerr your full and correct legal name?

THE DEFENDANT: Yes, sir.

THE COURT: And is it spelled correctly there in Count 9?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Ms. Stinnett, have you had the opportunity to review thoroughly Count 9?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Do you know of any reason we should not proceed to arraignment at this time?

MS. STINNETT: There is no reason that I am aware of.

THE COURT: All right. Mr. Nicholes Andrew Kerr, how do you plead to the charges against you in the Indictment?

THE DEFENDANT: Not guilty.

THE COURT: I will accept your not guilty plea and

it will be entered on the record.

Mr. Conway, is the government moving for detention in this matter?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. It's my understanding that the Defendant is currently serving a term of incarceration at this time. Is that correct, Ms. Stinnett?

THE DEFENDANT: We are unsure whether he has discharged his state court term of incarceration. We think that he is probably still serving that until at least December.

He is also detained in the Western District for that Indictment.

THE COURT: That's what I understood.

All right. Nonetheless, as I read the law, Ms. Stinnett, there is -- and there is considerable disagreement. And I think there may be considerable disagreement amongst the judges within this courthouse, but inasmuch as I am the most handsome of the three, I am going to today pronounce that he is entitled to that hearing irrespective of it being moot in my estimation.

So with that, how do you wish to proceed with respect to the hearing? And I will tell you that if we are going to have a hearing, we are going to have it in very short order on this case.

MS. STINNETT: Your Honor, he wishes to waive

his right to detention. We have gone over the form and he has executed the same.

THE COURT: All right. Mr. Kerr, the Clerk of the Court has handed me a form that is a waiver of your right to a detention hearing. Now, what I need you to understand is that if you waive that detention hearing, you are going to remain with us and not in the Western District. Now, you may very well be shipped back and forth because frankly, you are in the custody of the United States and there is no distinction as to the Western District and the Eastern District. In other words, they don't have to writ you every time, but you will remain in federal custody until this case has reached its conclusion. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And is that something that you desire to do at this time?

THE DEFENDANT: Yes, sir.

THE COURT: Have you fully discussed that with Ms. Stinnett?

(Pause)

MS. STINNETT: I think the word "desire" was throwing him off.

THE COURT: Right. And this is my concern, is that you've got good time credits, right? And this could affect that?

MS. STINNETT: He hasn't been sentenced in his Western District case --

THE COURT: That's correct.

MS. STINNETT: -- at all yet.

THE COURT: But his state sentence if it hasn't been discharged. . .

MS. STINNETT: It is our belief that the state sentence will discharge long before anything in this case is ever reached.

THE COURT: All right. That's usually what I get when someone is in your situation, is they would much rather just do their time in state and have that discharged, but I've got to tell you that's highly unlikely in this case. That doesn't mean that I won't consider the evidence, but the point is, do you want to today -- I understand you would probably just like to be released on an ankle monitor and get out of here, but today it is your desire to waive that hearing knowing that you are going to remain in federal custody if you do so?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Have you fully discussed that with Ms. Stinnett?

THE DEFENDANT: Yes, sir.

THE COURT: I am going to tell you something, Mr. Kerr. Very few people avail themselves to what you

have before you. You've asked her three questions during this hearing and I can't tell you the number of people that don't ask their attorneys questions, either because they think they are going to look stupid or they think their attorneys are stupid or they think that they don't know the answer or they do know the answer. So, I can't encourage you enough to continue down that path.

Ms. Stinnett has been doing this a long time and she comes upon you as if she is a velvet fog. You don't know until she has enveloped you as a prosecutor what is happening to you.

I am being jovial with you, but this is a very serious matter. You need to speak to your attorney, sir, and ask her questions and not just answer questions when the Court asks you, if there is something you don't understand.

THE DEFENDANT: Yes, sir.

THE COURT: All right. I have received his Waiver of Detention Hearing. Based on the waiver that is before me, as well as the Defendant's demeanor and responsive answers to my questions, as well as Ms. Stinnett's representations in this case that she has spoken to him about that, I am going to go ahead and accept that waiver as freely, knowingly, and voluntarily given.

I am signing the Order of Detention in open court. I am returning that to the Clerk of the Court for appropriate filing.

And I am at this time going to pronounce that the Defendant is hereby remanded to the custody of the United States Marshal pending the outcome of this case.

Pursuant to the Due Process Protections Act, the government is reminded of its obligations pursuant to *Brady v Maryland* and its progeny to disclose material that favorable to the Defendant and material to the Defendant's guilt or punishment. The failure to do so in a timely manner may include dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses or any other remedy that is just under the circumstances.

Mr. Conway has previously advised me in a co-defendant's case that they are awaiting getting all counsel together for a protective order in this case so that he can get discovery out.

Is that consistent with the announcement in this case, Mr. Conway?

MR. CONWAY: Yes, it is, Your Honor.

THE COURT: All right. Does the defense counsel have any further inquiry regarding discovery in this matter?

MS. STINNETT: No, Your Honor.

THE COURT: All right. And again, I will tell the parties. . .I don't. . .I know that it's not lost on Ms. Stinnett and, Mr. Conway, I know it is not lost on you, but whatever

this Court can do to facilitate discovery for the parties. . . please do not hesitate to pick up the phone, call my chambers, and we will make it happen, even if it's one o'clock in the morning, I want to get discovery to the parties.

I show a jury trial is currently set in this case for December the 3rd of 2024 at nine a.m. in front of the Honorable Ronald A. White. Again, that is December the 3rd of 2024 at nine a.m.

Ms. Stinnett, previous to you coming in, we had an arraignment on a co-defendant. I am ordering the parties, once we have all counsel appointed in the case, within, I believe, ten days to get together and make a determination as to whether or not this is a complex case and make application to the district court so that the district court can administer its docket effectively, if this is going to be a complex case.

Please review closely any forthcoming scheduling orders. I will direct all of the parties to Local Criminal Rule 12.1E, which provides for the timing and filing, in absence of notice, all motions, including motions in limine, which shall be filed with the Court Clerk within such time as the Court may order. Absence such special order, all such motions shall be filed with the Court Clerk within 14 days after arraignment. Responses shall be filed within seven days of the filing of said motions, unless a different time is affixed by the statute

or Federal Rules of Criminal Procedure or the Court orders otherwise.

Additionally, and this is the big one, the parties are advised that expert witness notices are to be filed within 14 days after the arraignment. Any Daubert motions or challenges to that expert witness testimony are to be filed within 14 days of the filing of said expert witness notices.

Mr. Conway, once again, thank you so much for coming over, sir. I appreciate you being here. You are always so well prepared, as is Mr. Soverly.

MR. CONWAY: Thank you, sir.

THE COURT: Is there anything further on behalf of the government at this time?

MR. CONWAY: No, Your Honor.

THE COURT: All right. Ms. Stinnett, I think you know how I feel about you, but you are welcome always in this courthouse. I appreciate you coming down. You are on the other side of Tulsa most of the time, so it is not as easy for you as it is for those folks over in midtown, but the Court does appreciate you coming down and always appreciates how prepared you are. You are welcome to your courtroom anytime, ma'am.

Is there anything further on behalf of the Defendant in this matter?

MS. STINNETT: No, Your Honor.

THE COURT: All right. At this time, out of an abundance of caution, I will make inquiry of the Clerk of the Court as to whether or not there are any items that the Clerk would request that the Court make further inquiry into pursuant to the Court's statutory duties or obligations or pursuant to the local rules to ensure that the Clerk of the Court can issue a sufficient minute or judgment in this matter.

Madam Clerk, is there any other items that would require further inquiry from the Court?

CLERK OF THE COURT: No, sir.

THE COURT: All right. Once again, I will order the Defendant remanded to the custody of the United States Marshals pending the outcome of this case.

Good luck to you, Mr. Kerr.

With that, we will be adjourned.

(END OF PROCEEDINGS)

**C E R T I F I C A T E**

I, KARLA McWHORTER, Certified Shorthand Reporter and Registered Professional Reporter, do hereby certify that the foregoing Certified Transcript, as prepared, is a transcription of all requested matters contained on the recorded proceeding and has been done to the best of my skills, ability and understanding.

I further certify that I am not employed by nor related to any party in this action, and that I am in no way interested in the outcome of this matter.

Certified this 20th day of May 2026.

***/s/Karla McWhorter***

United States Court Reporter
918-781-3393
karla_mcwhorter@oked.uscourts.gov