UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
Plaintiff, )
)
VS. ) NO. CR-24-167-RAW-2
MARIELLE TRAMANIE SMITH, )
Defendant. )

ARRAIGNMENT HEARING

BEFORE THE HONORABLE D. EDWARD SNOW

UNITED STATES MAGISTRATE JUDGE

OCTOBER 6, 2025

A P E A R A N C E S:

FOR THE PLAINTIFF: MR. GREGORY DEAN BURRIS & MR. JONATHAN SOVERLY, Assistant U.S. Attorneys, 520 Denison Avenue, Muskogee, Oklahoma 74401

FOR THE DEFENDANT: MR. TOM WRIGHT, Wright Law Firm, PLLC, 629 W. Main Street, Suite 230, Oklahoma City, Oklahoma 73102

COURT REPORTER: KARLA McWHORTER
United States Court Reporter

**COURT IN SESSION**

(10:03 a.m.)

THE COURT: Thank you. Be seated.

All right, Toni, when you are ready.

CLERK OF THE COURT: Yes, sir. The Court calls case CR-24-167-RAW-2, United States of America versus Marielle Tramanie Smith.

Would counsel please note their appearances for the record?

MR. BURRIS: Gregory Dean Burris and Jonathan Soverly on behalf of the United States, Your Honor.

MR. WRIGHT: Good morning, Your Honor. Tom Wright on behalf of Mr. Smith, who is present at counsel table.

THE COURT: All right. Mr. Soverly, Mr. Burris, Wright, welcome back to your courtroom.

This case comes on today for an initial appearance on a -- I believe it is a Second Superseding Indictment. I want to make sure the dates are reflected clearly. It was handed down on September the 10th of 2025.

Let's go ahead and have the Defendant brought forward to the podium and sworn.

CLERK OF THE COURT: Do you solemnly swear that the answers you give before this Honorable Court will be the truth, the whole truth, and nothing but the truth, so

help you God?

THE DEFENDANT: Yes, ma'am.

THE COURT: Mr. Smith, you are before the Court today for an initial appearance and arraignment because an Indictment was filed against you on September the 10th of 2025. That is a Superseding Second Indictment.

In this proceeding I am going to advise you of the charges against you, as well as your rights.

First and foremost, you have the right to not make any statements and any statement you do make can be used against you.

If you are not a United States citizen, you may request the government to notify a consular officer from your country of nationality. Even without such a request, it is possible that an international agreement may require such notification.

You have an absolute right to be represented by counsel. You can hire and pay for your own attorney. However, if you cannot afford an attorney, the Court will appoint one for you.

I reviewed all of the documents that previously have come forth in this case, including the order appointing counsel. I see nothing before me that would cause me to revisit the order appointing counsel. Therefore, I will order that Mr. Wright and other counsel be allowed to remain in the case.

Mr. Wright, has he received a copy of the Indictment

in this case?

MR. WRIGHT: He has.

THE COURT: Has he been able to read it and go through it?

MR. WRIGHT: Yes, Your Honor.

THE COURT: Do you believe in your best estimation that he understands the charges against him?

MR. WRIGHT: I do.

THE COURT: Mr. Smith, you heard what Mr. Wright just told me. Did you get a copy of the Indictment?

THE DEFENDANT: Yes, sir.

THE COURT: Did you read it?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand what they are accusing you of?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Burris, take that back podium, please.

MR. BURRIS: Yes, Your Honor.

THE COURT: Just with respect to the Second Superseding Indictment, can you enlighten us as to what generally, the Defendant is charged with and as it stands in the Second Superseding Indictment, what the potential range of punishment is?

MR. BURRIS: And, Your Honor, would the Court

prefer that I do that without regard to the second notice of intent?

THE COURT: That will come in a moment.

MR. BURRIS: Thank you, Your Honor.

Your Honor, the Defendant is charged by way of Second Superseding Indictment in Count 1 with Conspiracy to Commit Murder pursuant to Title 18, United States Code, Section 1117. Should he be convicted of that particular offense he faces not more than Life, a fine of up to $250,000.00 or by both such and imprisonment, a term of supervised release not to exceed five years, and a $100.00 special mandatory assessment.

In Count 2, he is charged with a violation of Title 18, United States Code, Sections 1512(a)(1), 1512(k) and 1512(j) - Conspiracy to Tamper with a Witness and Informant by Killing. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment of Life, a fine of up to $250,000.00 or by both such imprisonment and a fine, and a $100.00 special mandatory assessment.

Count 3 alleges a violation of Title 18, United States Code, Section 1958 & 2 - Use of Interstate Commerce Facilities in the Commission of Murder for Hire. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment not to exceed Life, a $250,000.00 fine or by both such fine and imprisonment, and a $100.00

special mandatory assessment.

Count 5 alleges a violation of Title 18, United States Code Sections 1111(a), 1151, 1152 & 2 – Murder in Indian Country. If, in fact, convicted of that particular offense, the Defendant faces a term not to exceed Life, a fine of up to $250,000 or by both such fine and imprisonment, and a 100.00 special mandatory assessment.

Count 6 alleges a violation of Title 18, United States Code, Sections 1111(a), 1151, 1152 & 2, and 13, and Title 21 of the Oklahoma Statute Section 1431 – Murder in Perpetration of Burglary in Indian Country. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment not to exceed Life, a $250,000.00 fine or by both such fine and imprisonment, and a $100.00 special mandatory assessment.

Count 7 alleges a violation of Title 18, United States Code, Sections 1513(a)(1)(b) & 2 – Obstructing Justice by Retaliating Against a Witness or an Informant – excuse me - and an Informant.

That particular offense carries a term of imprisonment not to exceed Life, a fine of up to $250,00.00 or by both such fine and imprisonment, a $100.00 special mandatory assessment.

Count 8 alleges a violation of Title 18, United States Code, Sections 1512(a)(1)(A) & 2 – Tampering with a Witness

by Killing. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment not to exceed Life, a fine of up to $250,000.00 or by both such fine and imprisonment, and a term - excuse me – a $100.00 special mandatory assessment.

Count 12 alleges a violation of Title 18, United States Code, Section 1117 – Conspiracy to Commit Murder. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment not to exceed Life, a fine of up to $250,000.00, up to five years of supervised release, and a $100.00 special mandatory assessment.

Count 13 alleges a violation of Title 18, United States Code, Sections 1512(a)(1)(A), 1512(k) and 1512(j) – Conspiracy to Tamper with a Witness and Informant by Killing. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment not to exceed thirty years, a fine of up to $250,000.00 or by both such fine and imprisonment, a term of supervised release not to exceed five years, and a mandatory special assessment in the amount of $100.00.

Count 14 alleges a violation of Title 18, United States Code, Sections 1513(a)(1)(B) & 2 - Obstruction of Justice by Retaliating Against a Witness or Informant. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment not to exceed thirty years, a five of up

to $250,000.00 or by both such fine and imprisonment, a term of supervised release not to exceed five years and a mandatory special assessment in the amount of $100.00.

Count 15 alleges a violation of Title 18, United States Code, Sections 1512(a)(1)(A) & 2 - Tampering with a Witness or Informant by Attempting to Kil. If, in fact, convicted of that particular offense, the Defendant faces a term of imprisonment not to exceed thirty years, a fine of up to $250,000.00 or by both such fine and imprisonment, a term of supervised release not to exceed five years, and a mandatory special assessment in the amount of $!00.00.

THE COURT: All right. Mr. Burris, did the grand jury make specific findings as to 18, United States Code, Sections 3591 and 3592?

MR. BURRIS: They did, and that is included in the Second Superseding Indictment, Your Honor.

THE COURT: All right, thank you.

All right. Mr. Burris, can you detail for me the difference between -- if you could, sir, and I don't mean to catch you on the spot, but could you tell me the differences between the first Superseding Indictment and the second Superseding Indictment with respect to Mr. Smith only?

MR. BURRIS: Yes, Your Honor. It essentially adds the new conduct that occurred in July of 2025 involving Counts 13, 14, and 15, I believe, Your Honor.

THE COURT: All right. At this point, Mr. Wright, inasmuch as it has added those three counts, do you feel as though I need to read the Indictment in its entirety to your client or do you think he is on sufficient notice?

MR. WRIGHT: I think he is on sufficient notice, Your Honor.

THE COURT: Does he waive the reading of the Indictment in open court?

MR. WRIGHT: He does.

THE COURT: Mr. Burris, had the United States filed any extra documents in this case seeking any enhanced punishments?

MR. BURRIS: We have, Your Honor. And if I may go back just for one moment, also Count 12 is added in that Indictment. I apologize.

THE COURT: All right, thank you.

Can you tell me what documents the United States has filed in this case seeking enhanced punishment?

MR. BURRIS: Yes, Your Honor. We have filed a Second Notice of Intent to Seek the Death Penalty.

THE COURT: Has that notice been served upon the Defendant?

MR. BURRIS: Your Honor, may I today in open court as well?

THE COURT: I would request you do that right now.

Let the record reflect Mr. Burris is handing the Second Notice of Intent to Seek the Death Penalty to Mr. Wright.

Mr. Burris, in the Second Notice of Intent to Seek the Death Penalty, is the Defendant alleged to be 18 years old or older at the time of the offense?

MR. BURRIS: Yes, Your Honor.

THE COURT: Can you just generally tell me what the statutory threshold intent factors are that the United States is alleging?

MR. BURRIS: Yes, Your Honor. We alleged in the Second Notice of Intent to Seek the Death Penalty that the Defendant intentionally participated in an act resulting in death.

THE COURT: Okay.

MR. BURRIS: That he intentionally engaged in an act of violence knowing that the act created a grave risk of death to a person.

THE COURT: Mr. Burris, can you tell me the statutory aggravating factors that are enumerated in the second Notice of Intent to Seek the Death Penalty?

MR. BURRIS: I'm sorry, Your Honor. The statutory --

THE COURT: The aggravating factors.

MR. BURRIS: Oh, I'm sorry.

THE COURT: I believe it is a previous conviction

for a violent crime involving a firearm?

MR. BURRIS: That is correct, Your Honor. A previous conviction of a violent felony involving a firearm. There is a previous conviction of an offense for which a sentence of death or life imprisonment was authorized.

There is procurement of an offense by payment, and substantial planning and premeditation as well, Your Honor.

THE COURT: Can you enlighten the Court as to what the non-statutory aggravating factors are that are alleged in the second notice seeking death?

MR. BURRIS: Yes, Your Honor. There is obstruction of justice, there is the status of the victim, and the future dangerousness of the Defendant.

THE COURT: And with respect to the future dangerousness of the Defendant, what is the United States alleging in the second notice?

MR. BURRIS: Your Honor, we are alleging that there is a continuing pattern of violence, a lack of remorse, low rehabilitative potential, and membership in a criminal street gang.

THE COURT: And can you tell me did the United States allege victim impact in its second notice?

MR. BURRIS: We did, Your Honor.

THE COURT: Mr. Burris, can you now tell me what the punishments that are potential are towards the

Defendant with respect to the Second Superseding Indictment should the grand (sic) jury find these statutory -- excuse me -- the factors that are alleged in the second Notice of Intent to Seek the Death Penalty?

MR. BURRIS: Yes, Your Honor. As to Counts 2, 3, 7, and 8, the Defendant faces a potential death penalty, as well as the announcements previously provided in court today.

THE COURT: All right. Mr. Wright, do you see any reason why we should not proceed to an arraignment on your client at this time?

MR. WRIGHT: No, Your Honor.

THE COURT: Your client has previously stated to me in a previous proceeding that that is his true and correct name.

Mr. Marielle Tramanie Smith, how do you plead to the charges against you in the Second Superseding Indictment?

THE DEFENDANT: Not guilty.

THE COURT: I'll accept your not guilty plea and it will be entered on the record.

I have previously reviewed the Court's documentation relating to detention. I see nothing before me that would cause me to revisit that issue or reopen that hearing. Therefore, I will announce that the Defendant is remanded to the custody of the United States Marshals pending the

outcome of this case.

I have reviewed the minutes, and I do note that the United States has previously been advised of its obligations pursuant to *Brady v Maryland* and its progeny. I see no reason to do that a second time. The Federal Rules of Criminal Procedure require that to be done at the first criminal hearing, and that was done in this case.

Mr. Burris, what is the status of the government's discovery production in this case to-date?

MR. BURRIS: Your Honor, we have provided -- and just because I am being abundantly cautious today, I wanted to read again the charges with which he faces the potential death penalty from the second notice. That is Counts 2, 3, 5, 6, 7, and I also -- and 8 as well.

THE COURT: All right. And I thought 5 could be problematic depending on what tribe he is from.

With that, Mr. Burris, what is the status of the government's discovery production in this case?

MR. BURRIS: Your Honor, we have provided discovery in this matter and continue to do so as our obligations arise.

THE COURT: I show a jury trial is set in this case for January the 5th of 2027 at 9:00 a.m. in front of the Honorable Ronald A. White, January the 5th, 2027 at 9:00 a.m. in front of the Honorable Ronald A. White.

Mr. Wright, do you acknowledge Local Criminal Rule 12.1(E), its contents as well as the timing for the filing of expert witness notices and any challenges whatsoever to the expert witness notices or testimony?

MR. WRIGHT: I do.

THE COURT: Same question to you, Mr. Burris.

MR. BURRIS: Yes, Your Honor.

THE COURT: All right. Mr. Burris, is there anything further on behalf of the government in this matter?

MR. BURRIS: No, Your Honor.

THE COURT: Anything further on behalf of the Defendant, Mr. Wright?

MR. WRIGHT: No, Your Honor.

THE COURT: At this time I am going to make inquiry of the Clerk of the Court as to whether or not she is desirous of me to make further inquiry of the parties in this case or whether the Court may have missed anything? I am doing that to fulfil my obligations pursuant to the local rules of the Eastern District of Oklahoma, the Federal Rules of Criminal Procedure, as well as the United States Code. Moreover, I am doing that so we can have Mr. Smith's case reached in the most expeditious manner possible.

Madam Clerk, is there anything further that the Court needs to inquire of or cover?

CLERK OF THE COURT: No, sir.

THE COURT: There being nothing else, we will be adjourned on this matter.

(END OF PROCEEDINGS)

C E R T I F I C A T E

I, KARLA McWHORTER, Certified Shorthand Reporter and Registered Professional Reporter, do hereby certify that the foregoing Certified Transcript, as prepared, is a transcription of all requested matters contained on the recorded proceeding and has been done to the best of my skills, ability and understanding.

I further certify that I am not employed by nor related to any party in this action, and that I am in no way interested in the outcome of this matter.

Certified this 25th day of May 2026.

s/Karla McWhorter

KARLA McWHORTER, CSR-RPR
United States Court Reporter
918-684-7936
karla_mcwhorter@oked.uscourts.gov